*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0731**

In the Matter of the Welfare of: A. J. L., Child.

**Filed December 8, 2014
Affirmed
Schellhas, Judge**

Stearns County District Court
File No. 73-JV-13-532

Cathryn Middlebrook, Chief Appellate Public Defender, Susan Andrews, Assistant
Public Defender, St. Paul, Minnesota (for appellant A.J.L.)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, Dana D. Erickson, Assistant County
Attorney, St. Cloud, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Cleary, Chief Judge; and

Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

Appellant challenges the district court's denial of his request for a stay of

delinquency adjudication. We affirm.

**FACTS**

Respondent State of Minnesota filed a juvenile delinquency petition, alleging that

appellant A.J.L. committed two counts of first-degree criminal sexual conduct under

Minn. Stat. § 609.342, subd. 1(a) (sexual penetration with another person under 13 years of age with whom A.J.L. has a significant relationship), (g) (sexual penetration with another person under 13 years of age and more than 36 months younger than A.J.L.) (2012). The alleged victim was age four at the time of the alleged offense. Following a court trial, the district court found A.J.L. guilty of both counts. Stearns County Human Services filed a predisposition report, which recommended that A.J.L. "be adjudicated delinquent and placed on probation for a period of time, not to exceed his 19th birthday."

At his disposition hearing, A.J.L. requested that the district court "consider setting disposition out" so that A.J.L. could undergo a psychosexual evaluation, permitting A.J.L. to argue for a stay of adjudication. The court denied the request, adjudicated A.J.L. delinquent, placed him on probation, and, among other things, ordered him to undergo a psychosexual evaluation and complete predatory-offender registration.

This appeal follows.

**D E C I S I O N**

When facts in a petition are admitted or proven, a district court "shall either . . . adjudicate the child delinquent . . . or . . . continue the case without adjudicating the child delinquent." Minn. R. Juv. Delinq. P. 15.05, subd. 1. "When it is in the best interests of the child and the protection of the public to do so, the court *may* continue the case without adjudicating the child." Minn. R. Juv. Delinq. P. 15.05, subd. 4(A) (emphasis added). "[A] court shall adjudicate a child delinquent or continue the case without adjudication 'at the same time and in the same court order as the disposition.'" *In re*

2

*Welfare of J.R.Z.*, 648 N.W.2d 241, 244 (Minn. App. 2002) (quoting rule 15.05, subdivision 1), *review denied* (Minn. Aug. 20, 2002).

"A district court has broad discretion in determining whether to continue an adjudication in a delinquency proceeding." *Id.* (quotation omitted). A district court is "not require[d] . . . to explain why an adjudication of delinquency is the least restrictive alternative." *Id.* at 245. Nothing in Minn. Stat. § 260B.198, subd. 7, "requires particularized findings on the court's decision to impose or withhold adjudication of delinquency." *J.R.Z.*, 648 N.W.2d at 246. "Most importantly, imposing an adjudication within the limits prescribed by the legislature is not an abuse of discretion." *Id.* at 245 (quotation omitted). "[A] finding on the least restrictive means for restoring a juvenile to law-abiding conduct . . . [is] required in determining a disposition, *but not when deciding whether to adjudicate or stay adjudication*." *Id.* at 246 (quotation omitted).

A.J.L. argues that delinquency adjudication is unnecessary to restore him to law-abiding conduct. He argues that he is an appropriate candidate for a stay of adjudication because he is a first-time offender and the district court lacked a psychosexual evaluation from which to determine that his rehabilitation would take longer than 180 days.[1] He also asserts:

> In the year it took the parties to resolve [his] juvenile court charges, he had remained law-abiding. [He] had changed and vastly improved his living situation by residing mostly with his father, who provided structure, supervision, rules, and consequences. [He] had maintained good

---

[1] Under Minn. Stat. § 260B.198, subd. 7 (2012), and Minn. R. Juv. Delinq. P. 15.05, subd. 4(B), a district court may continue a case for up to 90 days, followed by an extension of up to 90 days.

3

> relationships with his parents and teachers and had made friends who were positive influences. Finally, [he] had demonstrated academic promise.

But A.J.L. "confuses the standard for staying *adjudication* with the standard for ordering a particular *disposition*." *J.R.Z.*, 648 N.W.2d at 245–46. Even assuming that all of A.J.L.'s assertions are true and that A.J.L. therefore is a good candidate for a stay of adjudication, we conclude that the district court did not abuse its discretion by adjudicating A.J.L. delinquent. *See* Minn. R. Juv. Delinq. P. 15.05, subd. 4(A) ("When it is in the best interests of the child and the protection of the public to do so, the court *may* continue the case without adjudicating the child." (emphasis added)); *see also* Minn. Stat. § 260B.198, subd. 7.

A.J.L. argues that adjudication is not in his best interest and actually "undermines the goal of rehabilitation." He contends that with the label of "predatory offender," a "very real concern" exists "that he will be seen and treated as a pariah as he enters adulthood." But "the plain language of the registration statute compels [A.J.L.]'s . . . sex-offender registration." *J.R.Z.*, N.W.2d at 248. "This may . . . be a harsh result. But harsh or not, the decision concerning the reach of the statute rests with the legislature." *Id.*

We conclude that the district court did not abuse its broad discretion when it refused to stay A.J.L.'s adjudication for first-degree criminal sexual conduct.

**Affirmed.**